**ARMOUR AND COMPANY, Plaintiff-Appellant-Respondent,**

v.

**Joseph P. CELIC et al., Defendants-Appellants-Respondents.**

**No. 404, Docket 28623.**

United States Court of Appeals Second Circuit.

Argued April 9, 1964.

Decided May 5, 1964.

Weissman & Levenbron, Huntington, N. Y., for plaintiff-appellant. Otho S. Bowling, New York City, of counsel.

Griffing, Smith, Tasker & Lundberg, Riverhead, N. Y., for defendants-appellants. Reginald C. Smith and William W. Esseks, Riverhead, N. Y., of counsel.

Before SWAN, MOORE and SMITH, Circuit Judges.

SWAN, Circuit Judge.

This is an action brought by Armour and Company against the officers and directors of an incorporated Cooperative for conversion of fertilizer delivered to the Cooperative (now insolvent) on consignment. On the first trial, the action was dismissed, but on appeal the judgment was reversed and the case remanded. Armour and Company v. Celic, 2 Cir., 294 F.2d 432. The court stated at page 438: "If, as we have found, the Cooperative tortiously misappropriated plaintiff's property by disbursing its

monies to persons other than plaintiff and by exchanging its fertilizer for produce, then the defendants who are culpably implicated must be held accountable wholly apart from whether their action constitutes a technical conversion."

On remand the case was tried by Judge Rosling on the original record. Judgment for $20,388.57 was awarded plaintiff against certain of the Cooperative's directors. Their liability resulted from their having authorized a commingling of the cash received for fertilizer sold with money of the Cooperative.

On defendants' appeal it is argued that there is no proof that a "fund" belonging to Armour ever actually came into existence. However, this point was settled by the prior appeal in which this court "found" that the Cooperative had disbursed plaintiff's monies. Moreover, the parties stipulated that Armour was owed $59,643, of which $26,299 worth of fertilizer was applied against debts owed by the Cooperative, and $12,955 was sold on credit but never paid for. The necessary inference is that $20,388 was sold and paid for. The judgment against the defendants is affirmed.

Armour appeals from that part of the judgment denying it recovery for $26,299 worth of fertilizer that the Cooperative sold to creditor members, and instead of billing the member set off the purchase price against its own debt to the member. This procedure was contrary to the terms of the consignment contract. However, Judge Rosling found that the directors had never approved this practice and had directed that sales be only for cash. See Aeroglide Corp. v. Zeh, 2 Cir., 301 F.2d 420 involving the same insolvent Cooperative and holding that only the actively participating directors could be held liable for conversion, even though directors not present at the crucial meeting may have known of the wrongful action. Since the defendants here did not perform or authorize the wrongful transfer, they are not liable to plaintiff.

Judgment affirmed.